NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCOTT E. DARELIUS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1782

---

Petition for review of the Merit Systems Protection Board in No. PH-0842-18-0103-I-1.

---

Decided:  December 10, 2025

---

SCOTT E. DARELIUS, Pawtucket, RI, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, CHEN and STARK, *Circuit Judges*.

PER CURIAM.

Former Postal Service employee Scott Darelius petitions for review of a final decision of the Merit Systems Protection Board (Board), affirming the reconsideration decision of the Office of Personnel Management (OPM) denying his application for an annuity under the Federal Employees' Retirement System (FERS). *See Darelius v. Off. of Pers. Mgmt.*, No. PH-0842-18-0103-I-1, 2024 WL 490221, at *1 (M.S.P.B. Feb. 7, 2024) (Final Order). For the following reasons, we *dismiss* the appeal as untimely filed.

## BACKGROUND

Scott Darelius was employed with the National Guard for seven months and sixteen days, the U.S. Postal Service for four years, six months, and twenty-eight days, and the military for seven years, seven months, and six days. Appx 10.[1] Mr. Darelius applied to OPM for a deferred annuity based on his service, but OPM found that he had not served five years of creditable civilian service. *Id.* Mr. Darelius appealed the decision to the Board. *Id.*

In the initial decision, the administrative judge also determined that Mr. Darelius's civil service fell below the five-year threshold to qualify for an annuity under FERS. Appx 10, 13. Although Mr. Darelius argued that he should now be allowed to make the deposits necessary to count his seven months with the National Guard towards the five years of service requirement, the administrative judge affirmed OPM's determination that Mr. Darelius's service in the National Guard was not creditable as he failed to make deposits during his service and the regulation permits only former members who are already eligible for an annuity to make such deposits. Appx 11 & n.1 (citing 5 C.F.R.

---

[1]    "Appx" refers to the appendix filed concurrently with the government's informal brief.

§ 842.305(a)).  The administrative judge also held that military service cannot count towards the required five years of civilian service.  Appx 11.  Moreover, while Mr. Darelius argued that his employment with the Postal Service in fact lasted until 1993 rather than 1991 as initially reported (such that his total civilian service, in fact, exceeded five years), the administrative judge disagreed, finding that Mr. Darelius's employment with the Postal Service ended in June of  1991, because he ceased working for and being paid by the Postal Service at that time and was not on leave between the years 1991 and 1993.  Appx 11–12.  Accordingly, the administrative judge affirmed the denial of Mr. Darelius's request for retirement benefits, concluding that Mr. Darelius "has not presented any evidence showing that he has served the five years of civilian service necessary to be eligible for a FERS retirement annuity." Appx 13.

On February 7, 2024, the full Board issued its Final Order, denying Mr. Darelius's petition for review and affirming the initial decision, which then became the final decision of the Board.  Final Order, 2024 WL 490221, at *1. Mr. Darelius filed his appeal to this Court on April 29, 2024.  *See* ECF No. 1.

This Court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, the government argues that because Mr. Darelius filed his petition for judicial review with this Court more than 60 days after the Board issued its final decision, his petition should be dismissed as untimely.  Informal Response Br. at 8–11.  Mr. Darelius did not file a reply brief and, thus, has not disputed the government's position.

We agree with the government.  This Court has jurisdiction to review "an appeal from a final order or final

decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9). Under § 7703(b)(1), "any petition for review shall be filed within *60 days* after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A) (emphasis added). Mr. Darelius filed his petition on April 29, 2024, *see* ECF No. 1, over 80 days after the Board issued its Final Order on February 7, 2024. That is past the 60-day deadline required by § 7703(b)(1). Accordingly, we agree with the government that Mr. Darelius's petition is untimely filed.

With that said, the Supreme Court has explained that "§ 7703(b)(1)'s deadline is non-jurisdictional," and "nonjurisdictional [timing rules] are presumptively subject to equitable tolling." *Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024) (alteration in original).[2] A petitioner seeking equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Mr. Darelius has not shown that an extraordinary circumstance contributed to the untimeliness of his petition. *See generally* Informal Opening Br. (presenting

---

[2] The Supreme Court declined to address the government's contention that it could rebut that presumption, leaving that matter for this Court to resolve. *Harrow*, 601 U.S. at 489–90. The Government argues that the timing provisions in § 7703(b)—though not jurisdictional—are nonetheless mandatory, such that equitable tolling does not apply. *See* Informal Response Br. 9–10 (citing *Oja v. Dep't of the Army*, 405 F.3d 1349, 1359 (Fed. Cir. 2005)). Because the outcome of Mr. Darelius's case does not turn on the availability of equitable tolling in § 7703(b)(1) cases generally, we express no opinion.

arguments solely on the merits and omitting mention of the timeliness of the petition).  Thus, even if equitable tolling were available in § 7703(b)(1) cases, Mr. Darelius fails to show that equitable tolling applies in his case.[3]

## CONCLUSION

For the foregoing reasons, we *dismiss* Mr. Darelius's appeal as untimely.  Accordingly, we do not reach the merits.

## DISMISSED

### COSTS

No costs.

---

[3]    In prior cases with similar circumstances, we have declined to address whether equitable tolling is available for § 7703(b)(1).  *See, e.g., Boyd v. Dep't of the Treasury*, No. 2025-1128, 2025 WL 3096818 (Fed. Cir. Nov. 6, 2025).